Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/26/2000   Page 1 of 86



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

United States District Court
Southern District of Texas
RECEIVED

JUN 2 6 2000

Michael N. Milby, Clerk of Court

**WESTERN DIVISION**
312 N. SPRING ST., RM. G-8
LOS ANGELES, CA 90012
(213) 894-3535
FAX (213) 894-6860

**SOUTHERN DIVISION**
Ronald Reagan Federal Bldg. and
United States Courthouse
411 W. Fourth St., Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
Riverside, CA 92501
(909) 276-6170

4100 Main Street, Rm. 137-A

**SHERRI R. CARTER**
**CLERK OF COURT**

1

B-00-096

United States District Court
Southern District of Texas
FILED

JUN 2 6 2000

Michael N. Milby
Clerk of Court

Date 6/20/00

Clerk, United States District Court

Southern _____ District of Texas (Brownsville Divison)

Re:     Transfer of our Civil Case No.     CV-00-359-DT(MANx)

Case Title: C. A. Rasmussen Inc. v. Martin Marietta Materials Inc., et al

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office.  Thank you for your cooperation.

Very truly yours,

CLERK, U.S. DISTRICT COURT

By _____
Deputy Clerk

cc:     All counsel of record

---

Receipt is acknowledged of the documents described herein and we have assigned this matter

Case No.     CV ___ B-00-096

CLERK, U. S. DISTRICT COURT

By _____
Deputy Clerk

---

CV-22 (1/99)                    TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS MARTIN MARIETTA MATERIALS, |
|---|---|
| C.A. RASMUSSEN, INC. | INC., MARTIN MARIETTA AGGREGATES |

| ( b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Ventura__ EXCEPT IN U.S. PLAINTIFF CASES | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __N.Carolina__ |
|---|---|

| ( c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN)    B-00-096 |
|---|---|
| KEESAL, YOUNG & LOGAN 400 Oceangate Long Beach, CA 90801 562-436-2000 | HAYWARD J. KAISER JASON B. KRISCHER MITCHELL,, SILBERBERG & KNUPP LLP 11377 West Olympic Boulevard Los Angeles, CA 90064 310-312-2000 |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
XX 4 Diversity (Indicate Citizenship of Parties In Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | XX 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | XX 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
XX 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint: ·.
JURY DEMAND: ☐ YES  ☐ NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff has filed state fraud and breach of contract causes of action. Defendants are removing to Federal Court under 28 U.S.C. Section 1441(b).

## VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS — PERSONAL INJURY | TORTS — PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | PROPERTY RIGHTS |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | SOCIAL SECURITY |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | LABOR | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | XX 190 Other Contract breach | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

## VIII (a). IDENTICAL CASES:
Has this action been previously filed and dismissed, remanded or closed?  __XX__ No  _____ Yes

If yes, list case number(s): _____

DT (CJX)

n0-00359

Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/26/2000   Page 3 of 86

U.S. District Court
Central District of California (Western Div.)

CIVIL DOCKET FOR CASE #: 00-CV-359

C A Rasmussen Inc v. Martin Marietta, et al        Filed: 01/10/00
Assigned to: Judge Dickran Tevrizian          Jury demand: Defendant
            Referred to: Discovery Carla M. Woehrle
Demand: $0,000                        Nature of Suit: 190
Lead Docket: None                     Jurisdiction: Diversity
Dkt # in Ventura Cty Sup Crt : is SC 024952

Cause: 28:1441 Notice of Removal - Other Contract


- C A RASMUSSEN INC              William H Collier, Jr
      plaintiff                  FAX 562-436-7416
                                 [COR LD NTC]
                                 James R Greene
                                 [COR LD NTC]
                                 Keesal Young & Logan
                                 400 Oceangate
                                 P O Box 1730
                                 Long Beach, CA  90802-1730
                                 562-436-2000


   v.


- MARTIN MARIETTA MATERIALS      Hayward J Kaiser
INC                              FAX 310-312-3100
      defendant                  [COR LD NTC]
                                 Jason B Krischer
                                 FAX 310-312-3100
                                 [COR LD NTC]
                                 Mitchell Silberberg & Knupp
                                 11377 W Olympic Blvd
                                 Los Angeles, CA 90064-1683
                                 310-312-2000


- MARTIN MARIETTA AGGREGATES     Hayward J Kaiser
      defendant                  (See above)
                                 [COR LD NTC]
                                 Jason B Krischer
                                 (See above)
                                 [COR LD NTC]


MARTIN MARIETTA MATERIALS
CANADA LTD

Docket as of June 20, 2000 12:05 pm          Page 1     NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.                    TERMED
2:00cv359 C A Rasmussen Inc v. Martin Marietta, et al                        (CWx)
                                                                     TRANSF
        defendant


DOES, 1 through 100, inclusive
        defendant

CMxPDF - www.texiss.com

INTERNAL USE ONLY: Proceedings include all events.                    TERMED
2:00cv359 C A Rasmussen Inc v. Martin Marietta, et al                         (CWx)
                                                                      TRANSF

| | | |
|---|---|---|
| 1/10/00 | 1 | NOTICE OF REMOVAL by defendant - Martin Marietta, defendant -Martin Marietta from Ventura Cty Sup Crt( Case Number: SC 024952) with copy summons and complaint  referred to Discovery Carla M. Woehrle . (pc) [Entry date 01/12/00] |
| 1/10/00 | 2 | NOTICE OF INTERESTED PARTIES by defendant - Martin Marietta, defendant -Martin Marietta (pc) [Entry date 01/12/00] |
| 1/12/00 | 3 | NOTICE by defendant - Martin Marietta, defendant Martin Marietta Ltd OF COMPLIANCE (pj) [Entry date 01/13/00] |
| 1/12/00 | 6 | DEMAND for jury trial by defendant - Martin Marietta, defendant  -Martin Marietta (pj) [Entry date 01/14/00] |
| 1/13/00 | 4 | STANDING ORDER WITH REGARD TO NEWLY ASSIGNED CASES by Judge Dickran Tevrizian (pj) [Entry date 01/14/00] |
| 1/13/00 | 5 | NTC OF JOINDER by defendant Martin Marietta Ltd  joining removal complaint fld by dfts Martin Marietta Materials Inc & Martin Marietta Agregates [1-1] (pj) [Entry date 01/14/00] |
| 1/20/00 | 7 | PROOF OF SERVICE by defendants on 1/18/00 of CRTS STANDING ORD W/ REGARD to newly assigned cases (rrey) [Entry date 01/24/00] |
| 1/21/00 | 8 | ANSWER filed by defendants - Martin Marietta Materials Inc and Martin Marietta Aggregates (an unincorporated division of Martin Marietta Material Inc.) (hereinafter "Martin Marietta") to removal complaint [1-1] (yc) [Entry date 01/26/00] |
| 1/28/00 | 9 | PROOF OF S/C executed upon defendant Martin Marietta Materials Canada Ltd by personal svc on David A Stewart registered agent on 1/10/00 (pj) [Entry date 01/31/00] |
| 4/3/00 | 10 | MINUTES:  by Judge dickran Tevrizian` ; mandatory status conference set on 10:00 5/8/00   CR: None (yc) [Entry date 04/04/00] |
| 5/4/00 | 12 | FACTUAL ANALYSIS FOR STAT CONF filed by plaintiff - C A Rasmussen Inc (pj) [Entry date 05/10/00] |
| 5/4/00 | 13 | MAND STAT CONF STMT submitted by Dfts (pj) [Entry date 05/10/00] |
| 5/8/00 | 11 | ORDER FOR JT  by Judge Dickran Tevrizian ; discovery ddl set on 12/29/00 ; pretrial conference on 1:30 2/20/01 ; jury trial set on 9:30 3/20/01 (pj) [Entry date 05/10/00] |

CVzPDF - www.texiu.com

INTERNAL USE ONLY: Proceedings include all events.          TERMED
2:00cv359 C A Rasmussen Inc v. Martin Marietta, et al          (CWx)
                                                            TRANSF

6/7/00     14        STIPULATION and ORDER It is ORD that this actn is
                     transferred to the USDC for the Southern District of TX,
                     Brownsville Divison, & the clerk is directed to effect such
                     transfer. by Judge Dickran Tevrizian Case transferred to
                     Dist of: Southern Dist of TX (ENT 6/12/00), MD JS-6   SEND
                     COPIES (pj) [Entry date 06/12/00]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE

Pursuant to the Local Rules Governing Duties of Magistrate Judges, the following Magistrate Judge has been designated to hear discovery motions for this case at the discretion of the assigned District Judge:

☐ Robert N. Block (RNBx)              ☐ Margaret A. Nagle (MANx)

☐ Rosalyn M. Chapman (RCx)           ☐ Arthur Nakazato (ANx)

☐ Elgin Edwards (EEx)                ☐ Brian Q. Robbins (BQRx)

☐ Charles F. Eick (Ex)               ☐ Carolyn Turchin (CTx)

☐ Stephen J. Hillman (SHx)           ☐ Andrew J. Wistrich (AJWx)

☐ Ann I. Jones (AIJx)                ☒ Carla M. Woehrle (CWx)

☐ Jeffrey W. Johnson (JWJx)          ☐ Ralph Zarefsky (RZx)

☐ James W. McMahon (Mcx)

Upon the filing of a discovery motion, the motion will be presented to the United States District Judge for consideration and may thereafter be referred to the Magistrate Judge for hearing and determination.

The Magistrate Judge's initials should be used on all documents filed with the Court so that the case number reads as follows:

CV- 00-00359 (CWx)

## NOTICE TO COUNSEL

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE COMPLAINT ON ALL DEFENDANTS.

CVisPDF - www.fastio.com

1  HAYWARD J. KAISER (State Bar No. 066365)
   JASON B. KRISCHER (State Bar No. 185017)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendants
   Martin Marietta Materials, Inc.
6  and Martin Marietta Aggregates

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  C.A. RASMUSSEN, INC.,              CASE NO. n0-00359 DT (CWx)

12                      Plaintiff,      **NOTICE OF REMOVAL OF ACTION
                                        UNDER 28 U.S.C. SECTION 1441(b)
13           vs.                        (DIVERSITY)**

14  MARTIN MARIETTA MATERIALS, INC.,
    MARTIN MARIETTA AGGREGATES,
15  MARTIN MARIETTA MATERIALS
    CANADA, LTD., and DOES 1 through 100,
16  inclusive,

17                      Defendants.

18

19

20          TO THE CLERK OF THE ABOVE ENTITLED COURT:

21

22          PLEASE TAKE NOTICE that defendants Martin Marietta Materials, Inc., and

23  Martin Marietta Aggregates (an unincorporated division of Martin Marietta Materials, Inc.)

24  (hereinafter "Martin Marietta") hereby remove to this Court the state court action described

25  below.[1]

26

27  _____

28          [1] Pursuant to 28 U.S.C. § 1448, Defendant Martin Marietta Materials Canada, Ltd. has
    not yet been served with or received a copy of the summons and complaint and, therefore, does
    not join in this Notice of Removal.

Mitchell Silberberg &
Knupp LLP



ENTERED ON ICMS

JAN 1 2 2000

CV

FILED

2000 JAN 10 PM 2: 44

1.     On October 20, 1999, an action was commenced in the Superior Court of the State of California for the County of Ventura, East County Division, entitled, "C.A. Rasmussen, Inc., Plaintiff, vs. Martin Marietta Materials, Inc., Martin Marietta Aggregates, Martin Marietta Materials Canada, Ltd., and Does 1 through 100, inclusive, Defendants," as Case No. SC 024952.  A copy of the complaint in such action is attached hereto as Exhibit 1.

2.     The first date upon which any defendant received a copy of the said complaint was December 14, 1999, when defendant Martin Marietta Materials, Inc. was served with a copy of the summons and complaint by personal delivery.  A copy of the summons served on defendant Martin Marietta Materials, Inc. is attached hereto as Exhibit 2.  The summons and complaint constitute all of the process, pleadings and orders heretofore received by Defendants in this action under 28 U.S.C. § 1446(a).

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the $75,000, exclusive of interest and costs.  In the first cause of action, plaintiff C.A. Rasmussen, Inc. seeks damages "well in excess of $71,000," attorneys' fees, and punitive damages; in the second, third, and fourth causes of action, plaintiff C.A. Rasmussen, Inc. seeks damages "in excess of $71,000"; in the fifth cause of action, plaintiff C.A. Rasmussen, Inc. seeks damages in an unstated amount; in the sixth cause of action, plaintiff C.A. Rasmussen, Inc. seeks damages exceeding $821,000; and, in the seventh cause of action, plaintiff C.A. Rasmussen, Inc. seeks declaratory relief in an amount exceeding $821,000.

4.     Martin Marietta is informed and believe that plaintiff C.A. Rasmussen, Inc. was, and still is, a citizen of the State of California in that it is a California corporation with its principal place of business in the County of Ventura, State of California.  Defendant Martin Marietta Materials, Inc. was, and still is, a citizen of the State of North Carolina in that it is a

2

Mitchell Silberberg &
Knupp LLP

0188829.1

1  North Carolina corporation with its principal place of business in North Carolina. Defendant

2  Martin Marietta Aggregates is not a separate corporation but is an unincorporated business

3  division of Martin Marietta Materials, Inc. Accordingly, the citizenship of Martin Marietta

4  Aggregates is the same as the citizenship of Martin Marietta Materials, Inc., namely North

5  Carolina. Defendant Martin Marietta Materials Canada, Ltd. (which has not yet been served) is a

6  citizen of the province of Nova Scotia, Canada in that it is a Nova Scotia corporation with its

7  principal place of business in Nova Scotia.

8

9          5.      The citizenship of defendants sued under the fictitious names of Does 1

10 through 100 must be disregarded for purposes of determining removability under 28 U.S.C.

11 § 1441(a).

12

13         6.      This Notice of Removal is filed within thirty days after first receipt of the

14 summons and complaint by Martin Marietta, and the time for filing this Notice of Removal under

15 28 U.S.C. § 1446(b) has not expired.

16

17         7.      The Central District of California in Los Angeles is the District Court of

18 the United States for the district and division within which said Ventura County Superior Court

19 Case No. SC 024952 is pending. Accordingly, venue within the Central District of California is

20 proper.

21

22

23

24

25

26

27

28

Mitchell Silberberg &
Knupp LLP

3

0188829.1

1            WHEREFORE, Martin Marietta hereby removes the above-entitled action from

2 the Superior Court of the State of California for Ventura County to this Court.

3

4

5 DATED:  January 10, 2000            HAYWARD J. KAISER

6            JASON B. KRISCHER
           MITCHELL SILBERBERG & KNUPP LLP

7

8            By: _____

9            Hayward J. Kaiser
           Attorneys for Defendants Martin Marietta

10            Materials, Inc. and Martin Marietta
           Aggregates

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/26/2000   Page 12 of 86

1   WILLIAM H. COLLIER, CASB No. 97491
    JAMES R. GREENE, CASB No. 201468
2   KEESAL, YOUNG & LOGAN
    A Professional Corporation
3   400 Oceangate
    P.O. Box 1730
4   Long Beach, California 90801-1730
    Telephone: (562) 436-2000
5
    Attorneys for Plaintiff C.A. RASMUSSEN, INC.
6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF VENTURA, EAST COUNTY DIVISION

10

| 11 | C.A. RASMUSSEN, INC., | ) | Case No. |
|---|---|---|---|
| 12 | Plaintiff, | ) | COMPLAINT FOR DAMAGES: |
| 13 | vs. | ) | 1) Fraud;<br>2) Negligent Misrepresentation; |
| 14 | MARTIN MARIETTA MATERIALS, INC., MARTIN MARIETTA | ) | 3) Breach of Contract;<br>4) Breach of Implied Conditions; |
| 15 | AGGREGATES, MARTIN MARIETTA CANADA, | ) | 5) Negligence;<br>6) Equitable Indemnity; and |
| 16 | LTD., and DOES 1 through 100, inclusive, | ) | 7) Declaratory Relief |
| 17 | Defendants. | ) | Action Filed: |
| 18 | | ) | |

19

20

21         Plaintiff C.A. RASMUSSEN, INC. ("Rasmussen") alleges as follows:

22

23         __ALLEGATIONS COMMON TO ALL CAUSES OF ACTION__

24         1.     Rasmussen is, and was at all times mentioned herein, a corporation

25   duly organized and existing under the laws of the State of California and authorized to

26   do business, and is doing business, in the County of Ventura, State of California.

27         2.     Rasmussen is informed and believes and thereon alleges that

28   Defendant MARTIN MARIETTA MATERIALS, INC. ("Martin Marietta") was at all

EXHIBIT 1       686617

Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/26/2000   Page 13 of 86

1  times referred to in this Complaint, a corporation doing business in the State of

2  California.

3       3.  Defendants Martin Marietta, MARTIN MARIETTA MATERIALS

4  CANADA, LTD. ("Martin Marietta Canada"), and MARTIN MARIETTA AGGREGATES

5  (collectively "Martin Marietta Defendants") acted as principals and/or agents to and with

6  one another throughout the time period that the allegations in this Complaint occurred.

7      4.  Rasmussen is ignorant of the true names or capacities of defendants

8  sued herein as DOES 1-100, inclusive, and therefore sues these defendants by such

9  fictitious names. Rasmussen will amend the Complaint to allege their true names and

10  capacities when the same have been ascertained.

11      5.  Rasmussen is informed and believes and thereon alleges that each of

12  the fictitiously named defendants is responsible in some manner for the occurrences

13  herein alleged, and that Rasmussen's damages were caused by their conduct.

14      6.  On October 25, 1995, the Port of Brownsville, Texas awarded

15  Rasmussen a contract to construct a rail line from the Port of Brownsville. To complete

16  this project, Rasmussen required approximately 45,000 tons of granite ballast.

17      7.  In the process of attempting to acquire the granite ballast it needed to

18  complete the project, Rasmussen held discussions with both the Martin Marietta

19  Defendants and with a Brownsville, Texas company called Global Stone, Inc. ("Global

20  Stone"). Global Stone made several proposals to Rasmussen to supply the required

21  granite ballast, but in order to assure timely delivery of the stone, Rasmussen elected

22  instead to obtain the granite ballast from the Martin Marietta Defendants. At the time,

23  the Martin Marietta Defendants were fully aware of the unsatisfactory dealings between

24  Global Stone and Rasmussen and the urgent need Rasmussen had for the granite

25  ballast. They understood that Rasmussen had elected to deal with them to assure timely

26  and trouble-free delivery of the stone.

27      8.  Rasmussen specifically inquired of the Martin Marietta Defendants

28  whether an exclusive agency relationship existed between Global Stone and the Martin

Case 1:00-cv-00006  Document 1  Filed in TXSD on 06/26/2000  Page 14 of 86

1  Marietta Defendants.  The Martin Marietta Defendants specifically assured Rasmussen

2  prior to Rasmussen's entry into the contract for the granite ballast purchase that

3  Rasmussen would not be required to deal with Global Stone in any way and that all

4  arrangements for the use of Global Stone's wharf at Brownsville would be handled by the

5  Martin Marietta Defendants.

6          9.  On or about February 2, 1996, Rasmussen contracted with the Martin

7  Marietta Defendants for 41,000 tons of "AREA #4 gradation Ballast (Granite)" at a unit

8  per ton price of $14.95.  This contract was entered into by Rasmussen at its

9  headquarters in Simi Valley, California.  The material was to be delivered to the Port of

10 Brownsville, Texas, care of Global Stone/BRG Railroad on or about February 23, 1996.

11 Rasmussen and the Martin Marietta Defendants agreed that the purchase was

12 contingent upon delivery of the granite ballast to Rasmussen without requiring the

13 latter to separately contract with Global Stone for storage or access to the material.  The

14 contract terms included the delivery of the material to Rasmussen free and clear of any

15 additional storage, access, or handling fees to any third party, including Global Stone.

16          10.  On or about February 27, 1996, the Martin Marietta Defendants sent

17 an invoice to Rasmussen for 40,262 tons of "BALLAST ROCK (AREA #4 GRADATION)"

18 at a unit per ton price of $14.95.  The Martin Marietta Defendants represented the total

19 invoice amount for cargo cost, insurance, and freight to be $601,916.90, and the place of

20 delivery as "Brownsville Port, TX."

21          11.  Prior to February 5, 1996, the Martin Marietta Defendants and Global

22 Stone engaged in various negotiations toward an agreement whereby Global Stone would

23 accept, store, and deliver the granite ballast purchased by Rasmussen to Rasmussen at

24 Global Stone's property in Brownsville.

25          12.  On or about February 5, 1996, the Martin Marietta Defendants

26 contracted with Global Stone, Inc., to receive and store the granite ballast.  The contract

27 price was $2.70 per short ton, which was almost two times the amount customarily

28 charged for such services in and around the Port of Brownsville.  Both Rasmussen and

Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/26/2000   Page 15 of 86

1   the Martin Marietta Defendants understood that under the terms of the agreement

2   between Rasmussen and the Martin Marietta Defendants (written, oral, express, and

3   implied), all of the necessary arrangements for Rasmussen to retrieve the ballast from

4   Global Stone were to have been made and paid for by the Martin Marietta Defendants.

5       13.   Contrary to the terms of its agreement with the Martin Marietta

6   Defendants and unbeknown to Rasmussen, the February 5, 1996, agreement between

7   the Martin Marietta Defendants and Global Stone did not provide for Rasmussen to have

8   access to Global Stone's property for the purpose of out-loading the material to the

9   project site.  Even after executing its agreement with Global Stone on or about February

10  5, 1996, the Martin Marietta Defendants did not inform Rasmussen that the contract it

11  had entered into with Global Stone did not include provisions for reasonable storage of

12  the granite ballast or for Rasmussen's access to Global Stone's property for the purpose

13  of out-loading the material to the job site.  As a result, Rasmussen continued to believe

14  that the Martin Marietta Defendants were making arrangements with Global Stone for

15  Rasmussen's access to Global Stone property and the granite ballast.

16      14.   After the Martin Marietta Defendants deposited Rasmussen's granite

17  ballast at Global Stone, Rasmussen attempted to obtain its cargo, but was denied access

18  to Global Stone's property by Global Stone.  As a result, Rasmussen was required to seek

19  and obtain a court order and to incur significant costs in excess of $71,000 to obtain the

20  materials it had purchased from the Martin Marietta Defendants.

21      15.   In response to the court order, Global Stone filed a counterclaim

22  against Rasmussen alleging that Rasmussen had tortiously interfered with Global

23  Stone's allegedly exclusive agency relationship with the Martin Marietta Defendants.

24  Following a jury trial in Brownsville, Texas in January 1998, Global Stone was awarded

25  $120,000 in compensatory damages and $630,000 in punitive damages.  This verdict is

26  on appeal.

27

28

EXHIBIT  1

Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/26/2000   Page 16 of 86

# FIRST CAUSE OF ACTION

## [Fraud Against All Defendants]

16.  Rasmussen incorporates by reference and realleges as if fully set forth herein paragraphs 1 through 15, inclusive, of this Complaint.

17.  The Martin Marietta Defendants knew prior to and at the time they accepted Rasmussen's contract that Rasmussen intended the payment for the granite ballast to include reasonable storage and access by Rasmussen to Global Stone's property for receiving the material and out-loading to the project site.

18.  The Martin Marietta Defendants understood that the contract price paid by Rasmussen for the granite ballast included reasonable storage of the granite ballast and access to Global Stone's property for removal of the material.  Unbeknownst to Rasmussen, however, when the Martin Marietta Defendants were unable to reach suitable arrangements for storage and access with Global Stone, they intentionally failed to inform Rasmussen of this fact, thereby deceiving Rasmussen and causing Rasmussen to incur substantial costs in order to receive the ballast it had purchased from the Martin Marietta Defendants.

19.  Rasmussen's reliance on the Martin Marietta Defendants' representations was reasonable and the harm suffered as a result of the Martin Marietta Defendants' fraudulent misrepresentations and omissions was foreseeable by the Martin Marietta Defendants.

20.  As a direct and proximate result of the Martin Marietta Defendants' fraudulent omissions and misrepresentations, Rasmussen has been damaged in an amount well in excess of $71,000, together with interest at the legal rate, attorneys' fees, and costs incurred in recovery of this sum.

21.  Rasmussen is also informed and believes and thereon alleges that the Martin Marietta Defendants acted with a gross and reckless indifference to Rasmussen's rights under their agreement.  The above mentioned acts entitle Rasmussen to an award of punitive damages in an amount to be proved at time of trial.

EXHIBIT  I

[ RECEIVED 12/20 12:40 1999 AT 31237    PAGE 11 (PRINTED PAGE 11) ] .

.FILE No. 557 12/20 '99 15:40 . *M MARIETTA MATERIALS    919 783    :5      PAGE 11

Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/26/2000   Page 17 of 86

## SECOND CAUSE OF ACTION

### [For Negligent Misrepresentation Against All Defendants]

22.   Rasmussen incorporates by reference and realleges as if fully set forth herein paragraphs 1 through 21, inclusive, of this Complaint.

23.   It was agreed between Martin Marietta and Rasmussen that the purchase price for the granite ballast included reasonable storage of the granite ballast and access to Global Stone's facility for out-loading of the material to the project site.

24.   The Martin Marietta Defendants were aware that Rasmussen was relying on the Martin Marietta Defendants to arrange suitable terms of storage and delivery with the wharf owner, Global Stone.

25.   However, the Martin Marietta Defendants instead contracted with Global Stone solely for the offloading of the granite ballast, and were aware when they did so that Rasmussen would be left to renegotiate delivery terms directly with Global in order to have access to its stone.  The Martin Marietta Defendants failed to disclose this fact to Rasmussen even though they knew at the time that Rasmussen had experienced prior unsatisfactory dealings with Global Stone and that Rasmussen expressly stated that it did not want to deal with Global Stone for access to the granite ballast.

26.   As a result of its reliance on the Martin Marietta Defendants' negligent misrepresentations, Rasmussen has suffered damages in excess of $71,000.

## THIRD CAUSE OF ACTION

### [Breach of Contract Against All Defendants]

27.   Rasmussen incorporates by reference and realleges as if fully set forth herein paragraphs 1 through 26, inclusive, of this Complaint.

28.   Rasmussen performed all of its obligations under its contract with the Martin Marietta Defendants, specifically payment of the full purchase price.

29.   The Martin Marietta Defendants breached the express terms of the contract by failing to arrange for storage of the granite ballast in Brownsville and for

685617        - 6 -

EXHIBIT  1'

Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/28/2000   Page 18 of 86

1  Rasmussen's reasonable access to the materials for which it had paid.  The Martin

2  Marietta Defendants also breached the contract by failing to exercise reasonable good

3  faith and fair dealing to fulfill their obligations under the contract, including failure to

4  arrange for storage of the granite ballast and reasonable access by the buyer to the

5  materials for which it had paid.

6    30.  As a result of the Martin Marietta Defendants' breach of the subject

7  contract, Rasmussen has been damaged in an amount in excess of $71,000.

8

9  ## FOURTH CAUSE OF ACTION

10  ### [Breach of Implied Conditions Against All Defendants]

11    31.  Rasmussen incorporates by reference and realleges as if fully set forth

12  herein paragraphs 1 through 30, inclusive, of this Complaint.

13    32.  Rasmussen performed all of its obligations under its contract with the

14  Martin Marietta Defendants, specifically payment of the full purchase price.

15    33.  The contract between Rasmussen and the Martin Marietta Defendants

16  contained an implied condition that the Martin Marietta Defendants would not impair

17  Rasmussen's ability to access the granite ballast once it had been delivered to the Port of

18  Brownsville.

19    34.  The Martin Marietta Defendants failed to disclose to Rasmussen their

20  knowledge that Global Stone may have been operating under the mistaken assumption

21  that Global Stone was the exclusive agent of the Martin Marietta Defendants for the sale

22  of granite ballast, thereby breaching the implied condition that the Martin Marietta

23  Defendants would not impair Rasmussen's ability to access the granite ballast once it

24  had been delivered to the Port of Brownsville.  The Martin Marietta Defendants also

25  failed to disclosure to Rasmussen that the agreement between the Martin Marietta

26  Defendants and Global Stone did not provide for Rasmussen to have free and clear

27  access to the granite ballast once it was deposited on Global Stone's property, which also

28  breached the implied condition that the Martin Marietta Defendants would not impair

685617    - 7 -    EXHIBIT

Case 1:00-cv-00096  Document 1  Filed in TXSD on 06/26/2000  Page 19 of 86

Rasmussen's ability to access the granite ballast once it had been delivered to the Port of Brownsville.

35.   As a result of the Martin Marietta Defendants' breach of this implied condition of the subject contract, Rasmussen has been damaged in an amount in excess of $71,000.

## FIFTH CAUSE OF ACTION

### [For Negligence Against All Defendants]

36.   Rasmussen incorporates by reference and realleges as if fully set forth herein paragraphs 1 through 35, inclusive, of this Complaint.

37.   Based on the contract and their representations, the Martin Marietta Defendants had a duty to provide the granite ballast at a facility to which Rasmussen would have free access. The Martin Marietta Defendants breached this duty by not providing such a facility.

38.   Based on the contract, information provided by Rasmussen that time was of the essence, and the Martin Marietta Defendants' representations, the Martin Marietta Defendants had a duty to provide the granite ballast to Rasmussen without delay. The Martin Marietta Defendants breached this duty by not providing the granite ballast to Rasmussen without delay.

39.   Based on the contract and their representations, the Martin Marietta Defendants had a duty to inform Rasmussen of any complications or conditions placed upon Rasmussen that might not have been foreseeable to Rasmussen or reasonable for Rasmussen to have anticipated in order for Rasmussen to receive what it bargained for. The Martin Marietta Defendants breached this duty by not informing Rasmussen of the true nature of their contract with Global Stone.

40.   Based on their previous discussions and correspondence with Global Stone, the Martin Marietta Defendants had a duty to inform Rasmussen that Global Stone may have been acting under the mistaken assumption that Global Stone was the

EXHIBIT  1

Case 1:00-cv-00096  Document 1  Filed in TXSD on 06/26/2000  Page 20 of 86

1  exclusive agent for the purchase of granite ballast from the Martin Marietta Defendants,

2  and as such, might present problems for Rasmussen should Rasmussen ever have to

3  negotiate with Global Stone for access to its property.  The Martin Marietta Defendants

4  breached this duty by failing to inform Rasmussen that Global Stone may have been

5  under the assumption that it was the exclusive agent for the purchase of granite ballast

6  from the Martin Marietta Defendants.

7        41.  As a result of their breaches of duty described in the preceding

8  paragraphs, the Martin Marietta Defendants proximately caused Rasmussen to incur

9  damages in an amount to be proved at trial.

10

11                       **SIXTH CAUSE OF ACTION**

12                       **[For Equitable Indemnity]**

13        42.  Rasmussen incorporates by reference and realleges as if fully set forth

14  herein paragraphs 1 through 41, inclusive, of this Complaint.

15        43.  As stated above, prior to contracting with the Martin Marietta

16  Defendants, Rasmussen specifically inquired whether an exclusive agency relationship

17  existed between Global Stone and Martin Marietta.  The Martin Marietta Defendants

18  assured Rasmussen that Rasmussen would not be required to deal with Global Stone in

19  any way.

20        44.  Notwithstanding what it had been told by the Martin Marietta

21  Defendants when it attempted to accept delivery of its cargo, Rasmussen was denied

22  access to the granite ballast.  Denial of access to the granite ballast resulted through no

23  fault or negligence on the part of Rasmussen, but rather, directly resulted from the

24  Martin Marietta Defendants' fault and negligence in failing to arrange with Global Stone

25  for Rasmussen's free and unfettered access to the granite ballast.

26        45.  Rasmussen was later sued by Global Stone, which alleged that

27  Rasmussen had tortiously interfered with Global Stone's exclusive agency relationship

28  with Martin Marietta.  Rasmussen offered to tender the defense of these allegations to

Case 1:00-cv-00096   Document 1   Filed in TXSD on 06/26/2000   Page 21 of 86

1  the Martin Marietta Defendants, but they refused.  Following a jury trial in Brownsville,

2  Texas in January 1998, Global Stone was awarded $120,000 in compensatory damages

3  and $630,000 in punitive damages.  This verdict is under appeal.

4      46.   By misrepresenting and not disclosing the true nature of the

5  relationship and/or business dealings between itself and Global Stone, the Martin

6  Marietta Defendants have caused Rasmussen to incur more than $821,000 to obtain its

7  granite ballast from Global Stone, including attorneys' fees to defend against Global

8  Stone's allegations and  attorneys' fees to pursue the subsequent appeal.  Rasmussen has

9  requested Martin Marietta to indemnify it for these costs, but to date Martin Marietta

10  has refused.  The exact amount of damages will be shown at trial.

11

12  ## SEVENTH CAUSE OF ACTION

13  ### [For Declaratory Relief]

14      47.   Rasmussen incorporates by reference and realleges as if fully set forth

15  herein paragraphs 1 through 46, inclusive, of this Complaint.

16      48.    A contract existed at all times by and between Rasmussen and the

17  Martin Marietta Defendants.  An actual controversy exists between these parties

18  concerning their respective rights and duties in that Rasmussen contends that it is

19  entitled to indemnification and contribution, and the Martin Marietta Defendants

20  contend otherwise.

21      49.   Rasmussen alleges that its liability, if any, for the costs it has

22  incurred arising from the contract with the Martin Marietta Defendants for the purchase

23  of the granite ballast rests primarily and ultimately on the Martin Marietta Defendants.

24      50.    As a result, the Martin Marietta Defendants are obligated to

25  reimburse Rasmussen for any settlements, advances, judgments, or other recoveries paid

26  by Rasmussen, and to reimburse Rasmussen for the necessary and reasonable attorneys'

27  fees and costs arising from Rasmussen's defense against Global Stone's lawsuit and the

28  subsequent appeal.

EXHIBIT

[ RECEIVED 12/20 12:43 1999 AT 3123ˉ    Case 1:00-cv-00096    Document 1    Filed in TXSD on 06/26/2000    Page 22 of 86    PAGE 16 (PRINTED PAGE 16) ]

FILE No. 557 12/20 '99 15:42 Iˉ ˈ MARIETTA MATERIALS    919 783 4ᵤᵤ 5    PAGE 16

51.    Rasmussen desires a judicial determination of the respective rights and duties of Rasmussen and the Martin Marietta Defendants with respect to this matter.

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For a declaration by the Court that the Martin Marietta Defendants are obligated to indemnify Rasmussen for any advance, settlement, judgment, or award that Rasmussen has paid as a result of the allegations described in this Complaint;

2.    For damages in an amount in excess of $820,000, plus interest at the legal rate;

3.    For reasonable attorneys' fees and costs of suit incurred herein;

4.    For punitive damages; and

5.    For such other and further relief as the Court may deem just and proper.

DATED: October 20, 1999

WILLIAM H. COLLIER
JAMES R. GREENE
KEESAL, YOUNG & LOGAN
Attorneys for Plaintiff
C.A. RASMUSSEN, INC.

685617

EXHIBIT

Case 1:00-cv-00006   Document 1   Filed in TXSD on 06/26/2000   Page 23 of 86

# SUMMONS ON COMPLAINT
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
MARTIN MARIETTA MATERIALS, INC., MARTIN MARIETTA
AGGREGATES, MARTIN MARIETTA MATERIALS CANADA, LTD.

Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
C.A. RASMUSSEN, INC.

FOR COURT USE ONLY
(SOLO PARA ...)

DEC 1 4 1999

10:40

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*
VENTURA SUPERIOR COURT
3855-F Alamo Street
P.O. Box 1200
Simi Valley, CA 93062-1200
EAST COUNTY DIVISION

CASE NUMBER *(Número del Caso)*
**SC024952**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
William H. Collier, Esq.
James R. Greene, Esq.                                          (562) 436-2000
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA 90802

**DATE:** OCT 20 1999
*(Fecha)*

SHEILA GONZALEZ
Clerk, by _S. MC CARTHY_ , Deputy
*(Actuario)*                    *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Martin Marietta Materials Inc

   under: ☒ CCP 416.10 (corporation)◄     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
          ☐ other:
4. ☒ by personal delivery on *(date):* 12/14/99

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]

*(See reverse for Proof of Service)*
SUMMONS      ON COMPLAINT

CCP 412.20

**EXHIBIT 2**

Case 1:00-cv-00096    Document 1    Filed in TXSD on 06/26/2000    Page 24 of 86

## PROOF OF SERVICE – SUMMONS
### *(Use separate proof of service for each person served)*

1. I served the
   a. ☐ summons    ☐ complaint    ☐ amended summons    ☐ amended complaint
      ☐ completed and blank Case Questionnaires    ☐ Other *(specify):*

   b. on defendant *(name):*

   c. by serving    ☐ defendant    ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery    ☐ at home    ☐ at business
      (1) date:
      (2) time:
      (3) address

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ **Other** *(specify code section):*
      ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)       ☐ other:
             ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
   d. ☐ by personal delivery on *(date):*

4. At the time of service I was at least 18 years of age and not a party to this action.

5. Fee for service: $

6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☐ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable, country of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
        *(SIGNATURE)*

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
        *(SIGNATURE)*

982(a)(8) [Rev. January 1, 1984]

EXHIBIT    2

1                         **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

        I am employed in the county of Los Angeles, State of California.  I am over the age of 18,
4 and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP,
11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

5

        On January 10, 2000, I served the foregoing document described as **NOTICE OF**
6 **REMOVAL OF ACTION** on the parties in this action by placing a true copy thereof enclosed in
sealed envelopes addressed as follows, and taking the action described below:

7

8 William H. Collier, Esq.
James R. Greene, Esq.
9 KEESAL, YOUNG & LOGAN
400 Oceangate
10 Long Beach, CA  90802

11

12      ☐      **BY FAX:** [Instead of placing a copy of the document in a sealed envelope,] I sent a copy
of the above-described document(s) via telecopier to each of the individuals set forth
13             above, at the following facsimile telephone numbers:

14      ☐      **BY PERSONAL DELIVERY:** I caused personal delivery by _____ of the
document(s) listed above to the person(s) at the address(es) set forth above.

15      ☒      **BY PLACING FOR COLLECTION AND MAILING:** I sealed and placed the
16             envelope(s) for collection and mailing following ordinary business practices.  I am
readily familiar with the firm's practice for collection and processing of correspondence
17             for mailing with the United States Postal Service.  Under that practice it would be
deposited with the U.S. Postal Service on that same day with postage thereon fully
18             prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary
course of business.

19

        Executed on January 10, 2000, at Los Angeles, California.

20

        I declare that I am employed in the office of a member of the bar of this court at whose
21 direction the service was made.

22

23 

                        Eirlys Davidson

24

25

26

27

28

Mitchell Silberberg &
Knupp LLP

1  HAYWARD J. KAISER (State Bar No. 066365)
   JASON B. KRISCHER (State Bar No. 185017)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendants
   Martin Marietta Materials, Inc.
6  and Martin Marietta Aggregates

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  C.A. RASMUSSEN, INC.,              CASE NO. 00-00359 DT (CWx)

12                  Plaintiff,         **NOTICE OF INTERESTED PARTIES**

13      vs.                            [Local Rule 4.6]

14  MARTIN MARIETTA MATERIALS, INC.,
    MARTIN MARIETTA AGGREGATES,
15  MARTIN MARIETTA MATERIALS
    CANADA, LTD., and DOES 1 through 100,
16  inclusive,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

Mitchell Silberberg &          NOTICE OF INTERESTED PARTIES
    Knupp LLP

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that the undersigned, counsel of record for defendants Martin Marietta Materials, Inc. and Martin Marietta Aggregates (an unincorporated division of Martin Marietta Materials, Inc.) certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

## INTERESTED PARTIES

1.  Plaintiff C.A. Rasmussen, Inc.;

2.  Defendant Martin Marietta Materials, Inc.;

3.  Defendant Martin Marietta Aggregates; and

4.  Defendant Martin Marietta Materials, Canada, Ltd.

DATED: January 10, 2000

HAYWARD J. KAISER
JASON B. KRISCHER
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Hayward J. Kaiser
Attorneys for Defendants Martin Marietta
Materials, Inc. and Martin Marietta Aggregates

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

     On January 11, 2000, I served the foregoing document described as **NOTICE OF REMOVAL; CIVIL COVER SHEET; NOTICE OF INTERESTED PARTIES** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

William H. Collier, Esq.
James R. Greene, Esq.
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA  90802

☐    **BY FAX:**  [Instead of placing a copy of the document in a sealed envelope,] I sent a copy of the above-described document(s) via telecopier to each of the individuals set forth above, at the following facsimile telephone numbers:

☐    **BY PERSONAL DELIVERY:**  I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

☒    **BY PLACING FOR COLLECTION AND MAILING:**  I sealed and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary course of business.

     Executed on January 11, 2000, at Los Angeles, California.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.



_____
Eirlys Davidson

Mitchell Silberberg &
Knupp LLP

1   HAYWARD J. KAISER (State Bar No. 066365)
    JASON B. KRISCHER (State Bar No. 185017)
2   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
3   Los Angeles, CA 90064-1683
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   Attorneys for Defendants
    Martin Marietta Materials, Inc.
6   and Martin Marietta Aggregates

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  C.A. RASMUSSEN, INC.,                CASE NO. CV 00-00359 DT (CWx)

12                    Plaintiff,          **NOTICE OF COMPLIANCE WITH 28
                                          U.S.C. § 1446**
13        vs.

14  MARTIN MARIETTA MATERIALS, INC.,
    MARTIN MARIETTA AGGREGATES,
15  MARTIN MARIETTA MATERIALS
    CANADA, LTD., and DOES 1 through 100,
16  inclusive,

17                    Defendants.

18                                       ENTERED ON ICMS

19                                          JAN 1 3 2000

20        TO THE CLERK OF THE ABOVE ENTITLED COURT:

21

22        PLEASE TAKE NOTICE that on January 10, 2000, defendants Martin Marietta

23  Materials, Inc., and Martin Marietta Aggregates (an unincorporated division of Martin Marietta

24  Materials, Inc.) filed with the Superior Court of the State of California, Ventura County, a Notice

25  to Adverse Party and Superior Court of Removal To Federal Court of the above-entitled action,

26  in compliance with 28 U.S.C. § 1446(d).

27

28

                              NOTICE OF COMPLIANCE

1         A copy (without attachments) of said Notice to Adverse Party and Superior Court

2    of Removal To Federal Court is attached hereto.

3

4

    DATED:  January 11, 2000             HAYWARD J. KAISER

5                                           JASON B. KRISCHER

6                                           MITCHELL SILBERBERG & KNUPP LLP

7

8                                       By: _____

9                                           Hayward J. Kaiser

                                       Attorneys for Defendants Martin Marietta

10                                          Materials, Inc. and Martin Marietta

                                       Aggregates

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell Silberberg &
Knupp LLP

0190727.1

COPY

Mitchell Silberberg &
Knupp LLP

1  HAYWARD J. KAISER (State Bar No. 066365)
   JASON B. KRISCHER (State Bar No. 1850017)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendants
   Martin Marietta Materials, Inc.
6  and Martin Marietta Aggregates

VENTURA COUNTY
SUPERIOR COURT
FILED

JAN 11 2000

SHEILA GONZALEZ, Superior
Court Executive Officer and Clerk
BY: _____, DEPUTY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF VENTURA, EAST COUNTY DIVISION

10

11  C.A. RASMUSSEN, INC.,                CASE NO. SC 024952

12                    Plaintiff,         NOTICE TO ADVERSE PARTY AND
                                         SUPERIOR COURT OF REMOVAL TO
13       vs.                             FEDERAL COURT

14  MARTIN MARIETTA MATERIALS, INC.,
    MARTIN MARIETTA AGGREGATES,
15  MARTIN MARIETTA MATERIALS
    CANADA, LTD., and DOES 1 through 100,
16  inclusive,

17                    Defendants.

18

19

20       TO PLAINTIFF C.A. RASMUSSEN, INC. AND ITS ATTORNEYS OF

21  RECORD, AND TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA:

22

23       PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the

24  United States District Court for the Central District of California on January 10, 2000, under

25  Federal Case No. 00-00359 DT (CWx).

26

27       A true and correct copy of the said Notice of Removal is attached to this Notice,

28  and is served and filed herewith.

NOTICE TO ADVERSE PARTY AND COURT RE REMOVAL

1    The removal of this action terminates all proceedings in the Superior Court of the

2    State of California for the County of Ventura pursuant to 28 U.S.C. § 1446(d).

3

4

5

6    Dated: January 10, 2000                HAYWARD J. KAISER
                                            JASON B. KRISCHER
7                                           MITCHELL SILBERBERG & KNUPP LLP

8

9                                           By: _____
10                                              Hayward J. Kaiser
                                               Attorneys for Defendants Martin Marietta
11                                              Materials, Inc. and Martin Marietta
                                               Aggregates
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

    On January 11, 2000, I served the foregoing document described as **NOTICE TO ADVERSE PARTY AND SUPERIOR COURT OF REMOVAL TO FEDERAL COURT** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

William H. Collier, Esq.
James R. Greene, Esq.
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA  90802

☐    **BY FAX:**  [Instead of placing a copy of the document in a sealed envelope,] I sent a copy of the above-described document(s) via telecopier to each of the individuals set forth above, at the following facsimile telephone numbers:

☐    **BY PERSONAL DELIVERY:**  I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

☒    **BY PLACING FOR COLLECTION AND MAILING:**  I sealed and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary course of business.

    Executed on January 11, 2000, at Los Angeles, California.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Eirlys Davidson

Mitchell Silberberg &
Knupp LLP

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

    On January 1**?** 2000, I served the foregoing document described as **NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1446** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

William H. Collier, Esq.
James R. Greene, Esq.
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA  90802

☐    **BY FAX:**  [Instead of placing a copy of the document in a sealed envelope,] I sent a copy of the above-described document(s) via telecopier to each of the individuals set forth above, at the following facsimile telephone numbers:

☐    **BY PERSONAL DELIVERY:**  I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

☒    **BY PLACING FOR COLLECTION AND MAILING:**  I sealed and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary course of business.

    Executed on January 1**2**, 2000, at Los Angeles, California.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Eirlys Davidson

Mitchell Silberberg &
Knupp LLP

FILED

JAN 1 3 2000

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

C.A. RASMUSSEN, INC.,                ) NO. CV 00-00359  DT (CWx )
                                     )
                                     ) STANDING ORDER WITH REGARD
                                     ) TO NEWLY ASSIGNED CASES
                Plaintiff(s),        )
                                     )
   vs.                               )
                                     )
MARTIN MARIETTA MATERIALS, INC.,     )
et al.,                              )
                                     )
                                     )
                Defendant(s).        )
_____)

ENTERED ON ICMS

JAN 1 4 2000

**READ THIS ORDER CAREFULLY.   IT CONTROLS THIS CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

   This action has been assigned to the calendar of

Judge Dickran Tevrizian.

   The responsibility for the progress of litigation in the

Federal Courts falls not only upon the attorneys in the action,

but upon the Court as well.  "To secure the just, speedy, and

inexpensive determination of every action," Federal Rule of Civil

Procedure 1, all counsel are hereby ordered to familiarize

themselves with the Federal Rules of Civil Procedure and the
Local Rules of the Central District of California.[1]

It is further ordered:

1.   **Service of the Complaint**.   The Plaintiff(s) shall
     promptly serve the Complaint in accordance with Fed. R.
     Civ. P. 4 and file the proofs of service pursuant to
     Local Rule 5.8.

2.   **Removed Actions**.   Any answers filed in state court must
be refiled in this Court as a supplement to the petition.   Any
pending motions must be re-noticed in accordance with Local
Rule 7.

3.   **Presence of Lead Counsel**.   The attorney attending any
proceeding before this Court, including all status and settlement
conferences, must be the lead trial counsel.

---

[1] Copies of the Local Rules are available on our website at
"http:\\www.cacd.uscourts.gov" or they may be purchased from one
of the following:

         Los Angeles Daily Journal
         915 East 1st Street
         Los Angeles, California 90012

         West Group
         610 Opperman Drive
         P. O. Box 64526
         St. Paul, Minnesota 55164-0526

         Metropolitan News
         210 South Spring Steet
         Los Angeles, California 90012

2

4. **Discovery**. All discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these papers to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the text are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

5. **Motions**. All hearing dates must be approved by the Courtroom Deputy Clerk. Motions shall be filed and set for hearing in accordance with Local Rule 7, except that this Court hears motions on Mondays commencing at 10:00 a.m. If Monday is a

3

national holiday, this Court will hear motions on the succeeding Tuesday. Any opposition or reply papers due on a holiday are due the **preceding** Friday, not the following Tuesday and must be hand-served or faxed to opposing counsel on that Friday. **Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 25 pages**. Only in rare instances and for good cause shown will the Court agree to extend these page limitations. Pursuant to Local Rule 3.4.1, typeface shall not be smaller than pica size, **with no more than ten (10) typed characters per inch**. The Court recommends the "courier" font (12 point).

6. **Proposed Orders**. Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

7. **Courtesy Copies**. Counsel shall deliver a conformed (file stamped) courtesy copy of all reply papers in motion matters to the courtesy box located in the Clerk's Office of the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

8. **Telephonic Hearings**. The Court generally does not permit appearances or arguments by way of telephone conference calls.

4

9.   **Ex Parte Applications**.   The Court considers ex parte applications on the papers and does not usually set these matters for hearing.   Ex parte applications are solely for extraordinary relief and should be used with discretion.   See Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).

Counsel's attention is directed to Local Rule 7.18.   The moving party shall serve the opposing party by facsimile transmission and shall notify the opposition that opposing papers must be filed not later than twenty-four hours following such facsimile service.   If counsel does not intend to oppose an ex parte application, he or she must inform the Courtroom Deputy Clerk at (213) 894-3538.   Counsel shall deliver a conformed courtesy copy of moving or opposition papers to the Court's courtesy box as previously set forth.   The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time should the Court determine that a hearing is necessary.

10.   **Continuances**.   Counsel requesting a continuance must lodge a proposed stipulation and order including a detailed declaration of the grounds for the requested continuance or extension of time.   See Local Rule 3.11.   The Court grants continuances only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied.   Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.   The Court

5

sets firm trial dates and will not change them without a showing of good cause. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. Counsel wishing to know whether a stipulation has been signed shall comply with Local Rule 3.5.5.

11. **Communications with Chambers**. Counsel shall not attempt to contact the Court or its staff by telephone or by any other ex parte means, although counsel may contact the Courtroom Deputy Clerk with appropriate inquiries. Counsel should list their facsimile transmission numbers along with their telephone numbers on all papers to facilitate communication with the Courtroom Deputy.

12. **Notice of this Order**. Counsel for plaintiff or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

DATED: **JAN 1 3 2000**

DICKRAN TEVRIZIAN
United States District Judge

I hereby certify that this document was served by first class mail, postage prepaid, on plaintiff/defendant's attorney at their respective most recent address of record in this action on this date.

**JAN 1 3 2000**
DATED

COLLIS K. CULBERTSON

6

1  HAYWARD J. KAISER (SBN 066365)
   JASON B. KRISCHER (SBN 185017)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendants
   Martin Marietta Materials, Inc.
6  and Martin Marietta Aggregates

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  C.A. RASMUSSEN, INC.,              CASE NO. CV 00-00359 DT (CWx)

12                 Plaintiff,           **DEMAND FOR JURY TRIAL**

13       vs.

14  MARTIN MARIETTA MATERIALS, INC.,
    MARTIN MARIETTA AGGREGATES,
15  MARTIN MARIETTA MATERIALS
    CANADA, LTD., and DOES 1 through 100,
16  inclusive,

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

Mitchell Silberberg &
Knupp LLP

_____
                 DEMAND FOR JURY TRIAL

1            Defendants Martin Marietta Materials, Inc. and Martin Marietta Aggregates

2 hereby demand trial by jury on all issues so triable in this action.

5 Dated: January 10, 2000           HAYWARD J. KAISER
                                          MITCHELL SILBERBERG & KNUPP LLP

8                  By: _____

9                      Hayward J. Kaiser
                     Attorneys for Defendants Martin Marietta

10                    Materials, Inc. and Martin Marietta
                     Aggregates

2

Mitchell Silberberg &
Knupp LLP

0188850.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On January 11, 2000, I served the foregoing document described as **DEMAND FOR JURY TRIAL** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

William H. Collier, Esq.
James R. Greene, Esq.
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA  90802

☐  **BY FAX:** [Instead of placing a copy of the document in a sealed envelope,] I sent a copy of the above-described document(s) via telecopier to each of the individuals set forth above, at the following facsimile telephone numbers:

☐  **BY PERSONAL DELIVERY:** I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

☒  **BY PLACING FOR COLLECTION AND MAILING:**  I sealed and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary course of business.

Executed on January 11, 2000, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Eilys Davidson

Mitchell Silberberg &
Knupp LLP

1   HAYWARD J. KAISER (State Bar No. 066365)
    JASON B. KRISCHER (State Bar No. 185017)
2   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
3   Los Angeles, CA 90064-1683
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   Attorneys for Defendants
    Martin Marietta Materials, Inc.,
6   Martin Marietta Aggregates, and Martin
    Marietta Materials Canada, Ltd.

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  C.A. RASMUSSEN, INC.,                    CASE NO.  CV 00-00359 DT (CWx)

12                    Plaintiff,             **DEFENDANT MARTIN MARIETTA**
                                             **MATERIALS CANADA, LTD'S**
13        vs.                                **NOTICE OF JOINDER TO NOTICE OF**
                                             **REMOVAL OF ACTION UNDER 28**
14  MARTIN MARIETTA MATERIALS, INC.,         **U.S.C. SECTION 1441(b) (DIVERSITY)**
    MARTIN MARIETTA AGGREGATES,
15  MARTIN MARIETTA MATERIALS
    CANADA, LTD., and DOES 1 through 100,
16  inclusive,

17                    Defendants.

18

19

20        TO THE CLERK OF THE ABOVE ENTITLED COURT:

21

22        PLEASE TAKE NOTICE that defendant Martin Marietta Canada, Ltd. ("Martin

23  Marietta Canada") hereby files a Notice of Joinder to the Notice of Removal filed by defendants

24  Martin Marietta Materials, Inc., and Martin Marietta Aggregates (an unincorporated division of

25  Martin Marietta Materials, Inc.) (hereinafter "Martin Marietta") on January 10, 2000.

26

27        1.      On or about the afternoon of January 10, 2000, while Martin Marietta was

28  filing a Notice of Removal in the above-captioned Court, plaintiff C.A. Rasmussen, Inc.

1  ("Plaintiff") attempted to serve Martin Marietta Canada with a copy of the summons and

2  complaint in this matter.  While Martin Marietta Canada is informed and believes that Plaintiff's

3  attempted service of process was defective (and that this Court lacks personal jurisdiction over

4  it), Martin Marietta Canada files this Notice of Joinder out of caution given that it received a

5  copy of the summons and complaint at or about the same time the Notice of Removal was filed.

6

7          2.      Martin Marietta Canada is a citizen of the province of Nova Scotia,

8  Canada in that it is a Nova Scotia corporation with its principal place of business in Nova Scotia.

9  Martin Marietta Canada's Notice of Joinder in this action does not destroy diversity jurisdiction

10  and is appropriate under 28 U.S.C. § 1441(b).

11

12          3.      The first date upon which any defendant received a copy of the state court

13  complaint was December 14, 1999, when Martin Marietta was served with a copy of the

14  summons and complaint by personal delivery.  Martin Marietta Canada's Notice of Joinder is

15  filed within thirty days after first receipt of the summons and complaint by Martin Marietta and

16  the time for filing this Notice of Joinder under 28 U.S.C. § 1446(b) has not expired.

17

18         WHEREFORE, Martin Marietta Canada hereby Joins the Notice of Removal filed

19  in the above-entitled Court on January 10, 2000.

20

21

22  DATED:  January 13, 2000         HAYWARD J. KAISER

23                           JASON B. KRISCHER

                             MITCHELL SILBERBERG & KNUPP LLP

24

25                           By:_____

26                             Jason B. Krischer

                           Attorneys for Defendants Martin Marietta

27                             Materials, Inc., Martin Marietta Aggregates,

                           and Martin Marietta Materials, Canada, Ltd.

28

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On January 13, 2000, I served the foregoing document described as **DEFENDANT MARTIN MARIETTA MATERIALS CANADA, LTD'S NOTICE OF JOINDER TO NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

William H. Collier, Esq.
James R. Greene, Esq.
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA 90802

☐ **BY FAX:** [Instead of placing a copy of the document in a sealed envelope,] I sent a copy of the above-described document(s) via telecopier to each of the individuals set forth above, at the following facsimile telephone numbers:

☐ **BY PERSONAL DELIVERY:** I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

☒ **BY PLACING FOR COLLECTION AND MAILING:** I sealed and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary course of business.

Executed on January 13, 2000, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Eirlys Davidson

Mitchell Silberberg & Knupp LLP

1  HAYWARD J. KAISER (State Bar No. 066365)
   JASON B. KRISCHER (State Bar No. 185017)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendants
   Martin Marietta Materials, Inc.
6  and Martin Marietta Aggregates

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  C.A. RASMUSSEN, INC., | CASE NO.  00-00359 DT (CWx) |
| 12                       Plaintiff, | **PROOF OF SERVICE** |
| 13      vs. | |
| 14  MARTIN MARIETTA MATERIALS, INC., | |
| 15  MARTIN MARIETTA AGGREGATES, MARTIN MARIETTA MATERIALS | |
| 16  CANADA, LTD., and DOES 1 through 100, inclusive, | |
| 17                    Defendants. | |

18

19

20

21

22

23

24

25

26

27                         ENTERED ON ICMS

28                         1/24/00

FILED

00 JAN 20 PM 2:53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

     On January 18, 2000, I served the foregoing document described as **COURT'S STANDING ORDER WITH REGARD TO NEWLY ASSIGNED CASES** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

William H. Collier, Esq.
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA  90802

☐    **BY FAX:**  [Instead of placing a copy of the document in a sealed envelope,] I sent a copy of the above-described document(s) via telecopier to each of the individuals set forth above, at the following facsimile telephone numbers:

☐    **BY PERSONAL DELIVERY:**  I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

☒    **BY PLACING FOR COLLECTION AND MAILING:**  I sealed and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary course of business.

Executed on January 18, 2000, at Los Angeles, California.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Eirk S. Davidson

Mitchell Silberberg &
Knupp LLP

HAYWARD J. KAISER (State Bar No. 066365)
JASON B. KRISCHER (State Bar No. 185017)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Martin Marietta Materials, Inc.
and Martin Marietta Aggregates

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.A. RASMUSSEN, INC., | CASE NO. CV 00-00359 DT (CWx) |
| Plaintiff, | **ANSWER OF DEFENDANTS MARTIN MARIETTA MATERIALS, INC. AND MARTIN MARIETTA AGGREGATES TO COMPLAINT OF PLAINTIFF C.A. RASMUSSEN, INC.** |
| vs. | |
| MARTIN MARIETTA MATERIALS, INC., MARTIN MARIETTA AGGREGATES, MARTIN MARIETTA MATERIALS CANADA, LTD., and DOES 1 through 100, inclusive, | |
| Defendants. | |

ENTERED ON ICMS

ANSWER TO COMPLAINT

Mitchell Silberberg &
Knupp LLP

Defendants Martin Marietta Materials, Inc., and Martin Marietta Aggregates (an unincorporated division of Martin Marietta Materials, Inc.) (hereinafter "Martin Marietta") for themselves alone and for no other defendant, answer the averments of the complaint ("Complaint") of plaintiff C.A. Rasmussen ("Plaintiff") as follows:

## ANSWER TO COMMON ALLEGATIONS

1.    Martin Marietta is informed and believes that Plaintiff was, and still is, a citizen of the State of California in that it is a California corporation with its principal place of business in the County of Ventura, State of California.  Martin Marietta lacks sufficient information and belief concerning the remaining averments of paragraph 1, and on that basis denies, generally and specifically, each and every remaining averment contained in said paragraph.

2.    Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

3.    Martin Marietta avers that defendant Martin Marietta Aggregates is an unincorporated business division of defendant Martin Marietta Materials, Inc. and that defendant Martin Marietta Materials Canada, Ltd. (which has not yet been served) is a wholly-owned subsidiary of defendant Martin Marietta Materials, Inc. and is a citizen of the province of Nova Scotia, Canada in that it is a Nova Scotia corporation with its principal place of business in Nova Scotia.  Martin Marietta lacks sufficient information and belief concerning the remaining averments of paragraph 3, and on that basis denies, generally and specifically, each and every remaining averment contained in said paragraph.

2

4.     Martin Marietta lacks sufficient information and belief concerning the averments of paragraph 4, and on that basis denies, generally and specifically, each and every averment contained in said paragraph.

5.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

6.     Martin Marietta lacks sufficient information and belief concerning the averments of paragraph 6, and on that basis denies, generally and specifically, each and every averment contained in said paragraph.

7.     Martin Marietta avers that it had some discussions with Plaintiff concerning granite ballast.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

8.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

9.     Martin Marietta avers that, on or about February 2, 1996, a purchase order was issued for granite ballast, which purchase order speaks for itself.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

10.     Martin Marietta avers that, on or about February 27, 1996, Martin Marietta sent an invoice to Plaintiff, which invoice speaks for itself.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

3

11.     Martin Marietta avers that it had some discussions with Global Stone concerning granite ballast.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

12.     Martin Marietta avers that, on or about February 5, 1996, Martin Marietta entered into a contract with Global Stone, Inc., which contract speaks for itself.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

13.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

14.     Martin Marietta lacks sufficient information and belief concerning the averments of paragraph 14, and on that basis denies, generally and specifically, each and every averment contained in said paragraph.

15.     Martin Marietta lacks sufficient information and belief concerning the averments of paragraph 15, and on that basis denies, generally and specifically, each and every averment contained in said paragraph.

## ANSWER TO FIRST CLAIM FOR RELIEF

### [Fraud Against All Defendants]

16.     Martin Marietta incorporates by reference its responses to paragraphs 1 through 15, inclusive, above.

4

17. Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

18. Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

19. Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

20. Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

21. Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

## ANSWER TO SECOND CLAIM FOR RELIEF

### [Negligent Misrepresentation Against All Defendants]

22. Martin Marietta incorporates by reference its responses to paragraphs 1 through 21, inclusive, above.

23. Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

24. Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

5

25.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

26.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

## ANSWER TO THIRD CLAIM FOR RELIEF

### [Negligent Misrepresentation Against All Defendants]

27.     Martin Marietta incorporates by reference its responses to paragraphs 1 through 26, inclusive, above.

28.     Martin Marietta avers that Plaintiff paid for the granite ballast.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

29.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

30.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

## ANSWER TO FOURTH CLAIM FOR RELIEF

### [Breach of Implied Conditions Against All Defendants]

31.     Martin Marietta incorporates by reference its responses to paragraphs 1 through 30, inclusive, above.

6

32.     Martin Marietta avers that Plaintiff paid for the granite ballast.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

33.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

34.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

35.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

## ANSWER TO FIFTH CLAIM FOR RELIEF

### [Negligence Against All Defendants]

36.     Martin Marietta incorporates by reference its responses to paragraphs 1 through 35, inclusive, above.

37.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

38.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

39.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

7

40.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

41.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

## ANSWER TO SIXTH CLAIM FOR RELIEF
### [Equitable Indemnity]

42.     Martin Marietta incorporates by reference its responses to paragraphs 1 through 41, inclusive, above.

43.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

44.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

45.     Martin Marietta lacks sufficient information and belief concerning the averments of paragraph 45, and on that basis denies, generally and specifically, each and every averment contained in said paragraph.

46.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

8

# ANSWER TO SEVENTH CLAIM FOR RELIEF

## [Declaratory Relief]

47.     Martin Marietta incorporates by reference its responses to paragraphs 1 through 46, inclusive, above.

48.     Martin Marietta avers that a dispute exists between Martin Marietta and Plaintiff as reflected in Plaintiff's complaint and this answer.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

49.     Martin Marietta avers that Plaintiff has made certain allegations and that Martin Marietta has denied them.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

50.     Martin Marietta denies, generally and specifically, each and every averment contained in said paragraph.

51.     Martin Marietta avers that Plaintiff seeks a judicial determination and that Martin Marietta opposes the judicial determination sought by Plaintiff.  Except as expressly averred, Martin Marietta denies, generally and specifically, each and every remaining averment contained in said paragraph.

9

0194552.1                          ANSWER TO COMPLAINT

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### [Lack of Personal Jurisdiction]

There is no personal jurisdiction over Martin Marietta.

## SECOND AFFIRMATIVE DEFENSE
### [Failure to State A Claim for Relief]

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### [Statute of Limitations]

Plaintiff's claims are barred by the applicable statute of limitations including, without limitation, California Code of Civil Procedure Sections 335, 337, 338, and 339.

## FOURTH AFFIRMATIVE DEFENSE
### [Laches]

Plaintiff's claims are barred under the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### [Unclean Hands]

Plaintiff's claims are barred under the doctrine of unclean hands.

10

0194552.1                         ANSWER TO COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### [Waiver]

Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### [Estoppel]

Plaintiff's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### [Collateral estoppel]

Plaintiff's claims are barred by the doctrine of collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

The damages suffered by Plaintiff, if any, are the result of Plaintiff's failure and neglect to mitigate its damages and are barred or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### [Improper Forum/Forum Non Conveniens]

Plaintiff's complaint was filed in the improper forum

.

11

## ELEVENTH AFFIRMATIVE DEFENSE

### [Comparative Fault of Plaintiff]

Plaintiff's alleged damages, if any, were proximately caused and contributed to by the negligence of Plaintiff and its agents, and, by reason thereof, any recovery by Plaintiff against Martin Marietta must be reduced by an amount equal to the proportionate fault of Plaintiff and its agents.

## TWELFTH AFFIRMATIVE DEFENSE

### [Comparative Fault of Third Parties]

Plaintiff's alleged damages, if any, were proximately caused and contributed to by the negligence of third parties and their agents, and, by reason thereof, any recovery by Plaintiff against Martin Marietta must be reduced by an amount equal to the proportionate fault of such third parties and their agents.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Statute of Frauds]

Plaintiff's claims are barred by the statute of frauds.

12

Mitchell Silberberg &
Knupp LLP

0194552.1                             ANSWER TO COMPLAINT

WHEREFORE, Martin Marietta prays for judgment as follows:

1.    That Plaintiff take nothing by way of its complaint, and that each and every claim for relief therein be dismissed with prejudice;

2.    That Martin Marietta be awarded judgment in its favor;

3.    That Martin Marietta be awarded its costs of suit incurred herein; and

4.    That this Court award such further and additional relief as it deems just and proper.

Dated: January 21, 2000

HAYWARD J. KAISER
JASON B. KRISCHER
MITCHELL SILBERBERG & KNUPP LLP

By: _____
      Jason B. Krischer
      Attorneys for Defendants
      Martin Marietta Materials, Inc.
      and Martin Marietta Aggregates

13

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On January 21, 2000, I served the foregoing document described as **ANSWER OF DEFENDANTS MARTIN MARIETTA MATERIALS, INC. AND MARTIN MARIETTA AGGREGATES TO COMPLAINT OF PLAINTIFF C. A. RASMUSSEN, INC.** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

William H. Collier, Esq.
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA 90802

☐ **BY FAX:** [Instead of placing a copy of the document in a sealed envelope,] I sent a copy of the above-described document(s) via telecopier to each of the individuals set forth above, at the following facsimile telephone numbers:

☐ **BY PERSONAL DELIVERY:** I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

☒ **BY PLACING FOR COLLECTION AND MAILING:** I sealed and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary course of business.

Executed on January 21, 2000, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Mari Tamura

Mitchell Silberberg &
Knupp LLP

0195425.1

1 │ WILLIAM H. COLLIER, JR., CASB No. 97491
   │ JAMES R. GREENE, CASB No. 201468
2 │ KEESAL, YOUNG & LOGAN
   │ A Professional Corporation
3 │ 400 Oceangate
   │ P.O. Box 1730
4 │ Long Beach, California  90801-1730
   │ Telephone:  (562) 436-2000
5 │ Facsimile:  (562) 436-7416

6 │ Attorneys for Plaintiff C.A. RASMUSSEN, INC.

7

8

9 │ **UNITED STATES DISTRICT COURT**

10 │ **CENTRAL OF CALIFORNIA**

11

12 │ C.A. RASMUSSEN, INC.,                    ) Case No.  CV 00-00359 DT (CWx)
    │                                         )
13 │             Plaintiff,                   ) **PROOF OF SERVICE OF**
    │                                         ) **SUMMONS AND COMPLAINT**
14 │      vs.                                 ) **ON DEFENDANT MARTIN**
    │                                         ) **MARIETTA MATERIALS**
15 │ MARTIN MARIETTA MATERIALS,               ) **CANADA, LTD.**
    │ INC., MARTIN MARIETTA                   )
16 │ AGGREGATES, MARTIN                       )
    │ MARIETTA MATERIALS CANADA,              )
17 │ LTD., and DOES 1 through 100,            )
    │ inclusive,                              )
18 │                                         )
    │             Defendants.                 )
19 │ _____ )

20

21 │ / / /

22

23

24

25

26

27

28

ORIGINAL

ENTERED ON ICMS
JAN 3 1 2000
CV

- 1 -

700332

1  WILLIAM H. COLLIER, CASB No. 97491
   JAMES R. GREENE, CASB No. 201468
2  KEESAL, YOUNG & LOGAN
   A Professional Corporation
3  400 Oceangate
   P.O. Box 1730
4  Long Beach, California  90801-1730
   Telephone:  (562) 436-2000
5
   Attorneys for Plaintiff C.A. RASMUSSEN, INC.
6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF VENTURA, EAST COUNTY DIVISION

10

11  C.A. RASMUSSEN, INC.,          )   Case No.  SC024952
                                   )
12                    Plaintiff,   )   Action Filed:  October 20, 1999
                                   )
13          vs.                    )   Judge:  Thomas J. Hutchins
                                   )
14  MARTIN MARIETTA MATERIALS,     )   **PROOF OF SERVICE OF**
    INC., MARTIN MARIETTA          )   **SUMMONS AND COMPLAINT**
15  AGGREGATES, MARTIN             )   **ON DEFENDANT MARTIN**
    MARIETTA MATERIALS CANADA,     )   **MARIETTA MATERIALS**
16  LTD., and DOES 1 through 100,  )   **CANADA LTD.**
    inclusive,                     )
17                                 )
                      Defendants.  )
18                                 )
                                   )
19                                 )
                                   )
20  _____  )

21

22

23

24

25

26

27

28

ORIGINAL

- 1 -

699703

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA, EAST COUNTY DIVISION

BETWEEN:

C.A. RASMUSSEN, INC.,

PLAINTIFF

AND

MARTIN MARIETTA MATERIALS, INC., MARTIN MARIETTA AGGREGATES, MARTIN MARIETTA MATERIALS CANADA, LTD., AND DOES 1 THROUGH 100, INCLUSIVE,

DEFENDANTS

AFFIDAVIT OF SERVICE

I, Pauline Mac Dougall, Deputy Sheriff of Halifax, in the County of Halifax, Province of Nova Scotia, make oath and say as follows:

That I did on Monday the 10th day of January 2000, before the hour of two o'clock in the afternoon personally serve Martin Marietta Materials Canada Ltd., by serving the registered agent David A. Stewart, of Stewart McKelvey Stirling & Scales with a true copy of the within and foregoing Summons and Complaint personally at Suite 800-1959 upper Water Street, Halifax, Nova Scotia.

Sworn to before me at
Halifax, in the County
of Halifax, Province of
Nova Scotia on this 11ᵗ
day of January 2000

PAULINE MACDOUGALL
DEPUTY SHERIFF

_____
A NOTARY PUBLIC IN AND FOR
THE PROVINCE OF NOVA SCOTIA

**KERRY OLIVER**
A Notary Public in and for the
Province of Nova Scotia

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**PSEND\*\***

<u>CIVIL MINUTES - GENERAL</u>

Case No. **CV 00-359-DT(MANx)**                                        Date: <u>APRIL 3, 2000</u>

Title:  **C.A. Rasmussen, Inc., -v-Martin Marietta Materials, Inc., et al.,**

PRESENT: **THE HONORABLE DICKRAN TEVRIZIAN,  U.S. DISTRICT JUDGE**

Yolanda S. Rodriguez,                                          NONE
Courtroom Clerk                                                 Court Reporter

ATTORNEYS FOR PLAINTIFFS:                     ATTORNEYS FOR DEFENDANTS:

Not Present                                                         Not Present

PROCEEDINGS: (In Chambers) - **Mandatory Status Conference.**

On the Court's own motion, the Mandatory Status Conference in the above-referenced
case has been on calendar for:

**<u>MAY 8,  2000 at 10:00 A.M. in Courtroom 880,</u>**

(8th Floor) of the Roybal Federal Building, 255 East Temple St., Los Angeles, CA 90012.

**Counsel are ordered to file a one (1) page factual analysis of the case not later than 2 days
prior to the date set for the Mandatory Status Conference.**

**<u>NOTE: Trial counsel are to be present at the Mandatory Status Conference.</u>**

cc:  all counsel

MINUTES FORM 11
CIVIL - GEN

ENTERED ON ICMS
APR - 4 2000
CV

Initials of Deputy Clerk ___

# ORIGINAL

FILED
CLERK US DISTRICT COURT

MAY - 8 2000

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

C. A. Rasmussen, Inc.

            Plaintiffs,

vs.

Martin Marietta Materials, Inc.
et al.

            Defendants.

CASE NO. CV 00-359 DT

**ORDER FOR JURY TRIAL:**

1.     Establishing a Discovery Cut-Off Date of 12-29-00

2.     Setting the Pre-Trial Conference for 3-20-01 at 1:30 P.M.

3.     Setting 3-20-01 at 9:30 A.M. as the Trial Date

4.     Re: Preparation for JURY TRIAL

ENTERED ON

MAY 10 2000

SCHEDULING:

    1.   <u>In General</u>: All motions to join other parties or to amend the pleadings shall be filed and served within sixty (60) days of the date of this order and noticed for hearing within ninety (90) days hereof. All unserved parties are subject to

1  dismissal at the time of the Pre-Trial Conference pursuant to

2  Local Rule 9.9.1.

3    2.  <u>Motions for Summary Judgment or Partial Summary</u>

4  <u>Judgment</u>: No motions for summary judgment or partial summary

5  judgment may be filed later than fifteen (15) days after the

6  discovery cut-off date.

7    3.  <u>Discovery Cut-Off</u>:  The Court has established a cut-off

8  date for discovery in this action. All discovery is to be

9  completed on, or prior to, the cut-off date.  Accordingly, the

10  following discovery schedule shall apply to this Court:

11    A.  <u>Depositions</u>:  All depositions shall be scheduled to

12  commence at least five (5) working days prior to the discovery

13  cut-off date.  All original depositions to be used in trial shall

14  be lodged with the Courtroom deputy on the day of trial.

15    B.  <u>Interrogatories</u>:  All interrogatories must be

16  served at least forty-five (45) days prior to the discovery cut-

17  off date.  The Court will not approve stipulations between

18  counsel which permits responses to be served after the cut-off

19  date except in unusual circumstances and upon showing of good

20  cause.

21    C.  <u>Production of Documents, etc.</u>:  All requests for

22  production, etc., shall be served at least forty-five (45) days

23  prior to the discovery cut-off date.  The Court will not approve

24  stipulations between counsel which permit responses to be served

25  after the cut-off date except in unusual circumstances and upon a

26  showing of good cause.

27

28                                    2

1          D.   Request for Admissions:  All requests for

2   admissions shall be served at least forty-five (45) days prior to

3   the discovery cut-off date.  The Court will not approve

4   stipulations between counsel which permit responses to be served

5   after the cut-off date except in unusual circumstances and upon a

6   showing of good cause.

7          E.   Discovery Motions:  Any motion respecting the

8   inadequacy of responses to discovery must be filed and served not

9   later than ten (10) days after the discovery cut-off date.  The

10  Court requires strict compliance with the requirements of Local

11  Rule 7.15 in the preparation and filing of discovery motions.

12  Whenever possible, the Court expects counsel to resolve discovery

13  problems among themselves in a courteous, reasonable, and

14  professional manner.  Consistent resort to the Court for guidance

15  in discovery is unnecessary and will result in the Court

16  appointing a Special Master at the joint expense of the parties

17  to resolve discovery disputes.  The Court expects that counsel

18  will strictly adhere to the Civility and Professional Guidelines

19  adopted by the United States District Court for the Central

20  District of California in July of 1995.

21  PRE-TRIAL CONFERENCE:

22       This case has been placed on calendar for a Pre-Trial

23  Conference pursuant to Fed.R.Civ.P. 16 and Local Rule 9.  Unless

24  excused for good cause, each party appearing in this action shall

25  be represented at the Pre-Trial Conference, and all pre-trial

26

27

28                                    3

1  meetings of counsel, by the attorney who is to have charge of the

2  conduct of the trial on behalf of such party.

3      STRICT COMPLIANCE WITH THE REQUIREMENT OF LOCAL RULE 9 IS

4  REQUIRED BY THE COURT.  Therefore, carefully prepared Memoranda

5  of Contentions of Fact and Law, Witness List, Exhibit List, and a

6  proposed Pre-Trial Conference Order shall be submitted in

7  accordance with the provisions of Local Rule 9.5 through 9.8 and

8  the form of the proposed Pre-Trial Conference Order shall be in

9  conformity with the format set forth in the Appendix to Local

10 Rule 9.

11     The Memoranda of Contentions of Fact and Law are due twenty-

12 one (21) days before the Pre-Trial Conference and the proposed

13 Pre-Trial Conference Order is to be lodged seven (7) days before

14 the Pre-Trial Conference.

15     If expert witnesses are to be called at trial, each party

16 shall list and identify their respective expert witnesses.

17 Failure of a party to list and identify an expert witness in the

18 Pre-Trial Conference Order shall preclude a party from calling an

19 expert witness at trial.  If expert witnesses are to be called at

20 trial, the parties shall exchange at the Pre-Trial Conference

21 short narrative statements of the qualifications of the expert

22 and the testimony expected to be elicited at trial.  If reports

23 of experts to be called at trial have been prepared, they shall

24 be exchanged at the Pre-Trial Conference but shall not substitute

25 for the narrative statements required under Local Rule 9.4.6.

26

27

28                                 4

<u>TRIAL PREPARATION FOR JURY TRIAL - MOTIONS, INSTRUCTIONS AND</u>

<u>EXHIBITS</u>:

THE COURT ORDERS that all counsel comply with the following in their preparation for trial:

1.   <u>MOTIONS IN LIMINE</u>:

All motions in limine must be filed and served a minimum of forty-five (45) days prior to the scheduled trial date.   All opposition documents must be filed and served at least twenty (20) days prior to the scheduled trial date.   All reply documents must be filed and served at least five (5) days prior to the scheduled trial date.

All motions in limine will be heard on the scheduled trial date.

2.   <u>JURY INSTRUCTIONS/SPECIAL VERDICT FORMS</u>:

Thirty-five (35) days before trial, plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms on defendant.   Twenty-eight (28) days before trial, defendant shall serve on plaintiff defendant's objections to plaintiff's instructions together with any additional instructions defendant intends to offer.   Twenty-one (21) days before trial, counsel are ordered to meet and confer to attempt to come to agreement on the proposed jury instructions.

Fourteen (14) days before trial, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement.   Defendant's counsel has the burden of preparing the joint set of jury instructions.   At the same time each party

5

1 | shall file its proposed jury instructions which are objected to

2 | by any other party, accompanied by points and authorities in

3 | support of those instructions.

4 | Seven (7) days before trial, counsel are to file points and

5 | authorities supporting their objections to any other parties'

6 | proposed jury instructions.

7 | The Court prefers the use of "Devitt & Blackmar," "Manual of

8 | Model Jury Instructions for the Ninth Circuit," or applicable

9 | "BAJI" instructions as modified or supplemented to fit the

10 | circumstances of this case.  Each requested instruction shall be

11 | set forth in full; be on a separate page; be numbered; cover only

12 | one subject or principle of law; not repeat principles of law

13 | contained in any other requested instructions; and cite the

14 | authority for a source of the requested instruction.  In addition

15 | to the foregoing, each party shall file with the Courtroom Deputy

16 | on the first day of trial a "clean set" of the aforesaid

17 | requested duplicate jury instructions in the following form:

18 | Each requested instruction shall be set forth in full; be on a

19 | separate page with the caption "COURT'S INSTRUCTION NUMBER ____";

20 | cover only one subject or principle of law; and not repeat

21 | principles of law contained in any other requested instruction.

22 | The "clean set" shall <u>not</u> cite the authority for a source of the

23 | requested instruction.

24 | During the trial and before argument, the Court will meet

25 | with counsel and settle the instructions.  **Failure of counsel to**

26 | **strictly follow the provisions of this section may subject the**

27 |

28 | 6

1 │ **non-complying party and/or its attorney to sanctions and shall**

2 │ **constitute a waiver of jury trial in all civil cases.**

3 │     3.   <u>TRIAL EXHIBITS</u>:

4 │         Counsel are to prepare their exhibits for presentation

5 │ at the trial by placing them in binders which are indexed by

6 │ exhibit number with tabs or dividers on the right side. Counsel

7 │ shall submit to the Court an original and one copy of the

8 │ binders. The exhibits shall be in a three-ring binder labelled

9 │ on the spine portion of the binder as to the volume number <u>and</u>

10 │ contain an index of each exhibit included in the volume.

11 │ Exhibits must be numbered in accordance with Local Rule 8.5.

12 │ The Court requires that the following be submitted to the

13 │ Courtroom Deputy Clerk on the first day of trial:

14 │         a. The <u>original exhibits</u> with the Court's exhibit

15 │ tags, yellow tags for plaintiff and blue tags for defendant shall

16 │ be stapled to the front of the exhibit on the upper right-hand

17 │ corner with the case number, case name, and exhibit number placed

18 │ on each tag.

19 │         b. <u>One bench book</u> with a copy of each exhibit for use

20 │ by the Court, tabbed with numbers as described above. (Court's

21 │ exhibit tags not necessary.)

22 │         c. Three (3) copies of exhibit lists.

23 │         d. Three (3) copies of witness lists in the order in

24 │ which the witness may be called to testify.

25 │         e. A joint statement of the case will be read by the

26 │ Court to the prospective panel of jurors prior to the

27 │

28 │                         7

1  commencement of the jury trial.  Counsel are ordered to meet and

2  so agree to this 1-2 page joint statement of the case five (5)

3  days prior to the trial date.

4      All counsel are to meet not later than ten (10) days before

5  trial and to stipulate so far as is possible as to foundation,

6  waiver of the best evidence rule, and to those exhibits which may

7  be received into evidence at the start of trial.  The exhibits to

8  be so received will be noted on the extra copies of the exhibit

9  lists.

10     The Clerk is ordered to serve a copy of this Order

11 personally or by mail on counsel for all parties to this action.

12 DATED: MAY 08 2000

13

14

15

16     Dickran Tevrizian, Judge
       UNITED STATES DISTRICT COURT

17

18 COPIES TO:

19 COUNSEL OF RECORD

20

21

22

23

24

25

26

27

28                                    8

1  WILLIAM H. COLLIER, JR., CASB No. 97491
   JAMES R. GREENE, CASB No. 201468
2  KEESAL, YOUNG & LOGAN
   A Professional Corporation
3  400 Oceangate
   P.O. Box 1730
4  Long Beach, California  90801-1730
   Telephone:  (562) 436-2000
5
6  Attorneys for Plaintiff C.A. RASMUSSEN, INC.
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10
11 C.A. RASMUSSEN, INC.,          )  Case No. CV 00-00359 DT (CWx)
12              Plaintiff,        )
                                  )  Honorable Dickran Tevrizian
13      vs.                       )
14 MARTIN MARIETTA                )  **PLAINTIFF C.A. RASMUSSEN,**
   MATERIALS, INC., MARTIN        )  **INC.'S FACTUAL ANALYSIS**
15 MARIETTA AGGREGATES,           )  **FOR STATUS CONFERENCE**
   MARTIN MARIETTA                )
16 MATERIALS CANADA, LTD.,        )  MSC:  May 8, 2000
   and DOES 1 through 100,        )
17 inclusive,                     )
                                  )
18              Defendants.       )
                                  )
19                                )
                                  )
20 _____  )
21
22      Plaintiff C.A. RASMUSSEN, INC. ("Rasmussen") provides the
23 following factual analysis for the upcoming Status Conference:
24 ///
25
26
27
28 ///

                              - 1 -

FILED
2000 MAY -4 AM 3:16

ENTERED ON ICMS
MAY 1 0 2000

ORIGINAL

715610

On February 2, 1996, Rasmussen contracted with the Martin Marietta Defendants for 41,000 tons of granite ballast at a unit price of $14.95 per ton. The material was to be delivered to the Port of Brownsville, Texas, care of Global Stone/BRG Railroad on or about February 23, 1996. Rasmussen and the Martin Marietta Defendants agreed that the purchase was contingent upon delivery of the granite ballast to Rasmussen without requiring the latter to separately deal with Global Stone, Inc. ("Global Stone"), over storage or access to the material.

On or about February 5, 1996, the Martin Marietta Defendants contracted with Global Stone to receive and store the granite ballast. Contrary to the terms of Rasmussen's agreement with the Martin Marietta Defendants and unbeknown to Rasmussen, the February 5, 1996, agreement between the Martin Marietta Defendants and Global Stone did not expressly provide for Rasmussen to have access to Global Stone's property for the purpose of out-loading the material to the project site. Even after executing its agreement with Global Stone on or about February 5, 1996, the Martin Marietta Defendants did not inform Rasmussen that the contract it had entered into with Global Stone did not include provisions for reasonable storage of the granite ballast or for Rasmussen's access to Global Stone's property for the purpose of out-loading the material to the job site.

After the Martin Marietta Defendants deposited Rasmussen's granite ballast at Global Stone, Rasmussen attempted to obtain its cargo, but was denied access to Global Stone's property by Global Stone. As a result, Rasmussen was required to seek and obtain a court order and to incur significant costs in excess of $71,000 to obtain the materials it had purchased from the Martin Marietta Defendants. It was also required to incur significant costs and attorneys' fees in prosecuting and defending claims against Global Stone arising from these transactions.

715610                                            - 2 -

1    This case is essentially an indemnity action, and Rasmussen is

2  seeking the recovery of its losses and expenses arising out of Martin

3  Marietta's failure or fraud in not informing Rasmussen of Martin Marietta's

4  relationship with Global Stone and in not providing Rasmussen with

5  information concerning the secret terms under which Martin Marietta had

6  deposited Rasmussen's cargo on Global Stone's property.

7

8                              Respectfully submitted,

9

10  DATED:  May 4, 2000          *James R. Greene*
                              _____
11                            WILLIAM H. COLLIER, JR.
                              JAMES R. GREENE
12                            KEESAL, YOUNG & LOGAN
                              Attorneys for  Plaintiff
                              C.A. RASMUSSEN, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

715610                        - 3 -

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California 90802.

On May 4, 2000, I served the foregoing document described as **PLAINTIFF C.A. RASMUSSEN, INC.'S FACTUAL ANALYSIS FOR STATUS CONFERENCE** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Hayward J. Kaiser, Esq.
Jason B. Krischer, Esq.
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683

I deposited such envelope(s) in the mail at Long Beach, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposition for mailing in this declaration.

Executed on May 4, 2000, at Long Beach, California.

Pursuant to California Rules of Court, Rule 201, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Marina Marschall*
MARINA S. MARSCHALL

715887

ORIGINAL

1  HAYWARD J. KAISER (State Bar No. 066365)
   KARIN G. PAGNANELLI (State Bar No. 174763)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendants
   Martin Marietta Materials, Inc.
6  and Martin Marietta Aggregates

7

8              UNITED STATES DISTRICT COURT FOR THE
                  CENTRAL DISTRICT OF CALIFORNIA
9                       WESTERN DIVISION

10

11  C.A. RASMUSSEN, INC.,                CASE NO. CV 00-359-DT(MANx)

12                    Plaintiff,         **MANDATORY STATUS CONFERENCE**
                                         **STATEMENT**
13       vs.

14  MARTIN MARIETTA MATERIALS, INC.,     Honorable Dickran Tevrizian, United States
    MARTIN MARIETTA AGGREGATES,          District Judge
15  MARTIN MARIETTA MATERIALS
    CANADA, LTD., and DOES 1 through 100, Date: May 8, 2000
16  inclusive,                           Time: 10:00

17                    Defendants.

18

19

20

21

22                                       ENTERED ON ICMS

23                                           MAY 1 0 2000

24

25

26

27

28

Mitchell Silberberg &
Knupp LLP
                    MANDATORY STATUS CONFERENCE STATEMENT

**PARTIES**:  Plaintiff is C.A. Rasmussen, Inc., a California corporation.  Defendants are: (1) Martin Marietta Materials Inc., a North Carolina Corporation, (2) Martin Marietta Aggregates, an unincorporated division of Martin Marietta Materials, Inc. ("collectively served Defendants"); and (3) Martin Marietta Materials, Canada, Inc. (a Canadian corporation) (as yet unserved).

**PROCEDURAL BACKGROUND:**  Plaintiff alleges seven causes of actions, including breach of contract, negligence, and indemnity, emanating from an agreement to purchase granite stone from Defendant(s).  After removing the action, the served Defendants filed an Answer denying Plaintiff's claims and asserting, inter alia, affirmative defenses for lack of personal jurisdiction and improper venue/Forum Non Conveniens.[1]

**FACTUAL BACKGROUND:**  Plaintiff alleges it initially negotiated with Global Stone ("Global") to purchase granite stone, but the negotiations broke down.  Plaintiff ultimately purchased the stone from Defendant(s).  Defendant(s) delivered the stone to Global's storage facility.  Plaintiff alleges Defendant(s) intentionally or negligently failed to inform Plaintiff that Plaintiff would be responsible for storage fees at Global for the stone.  Plaintiff alleges Global denied it access to the stone.  Plaintiff sought, and received from a Texas court, access to the stone.  Global cross-complained against Plaintiff for interfering with Global's alleged contract with Defendant(s) to act as an exclusive agent for selling the stone.  The jury found for Global on the cross-complaint, and assessed damages of $750,000.  The Court of Appeals reversed the jury award, finding Global suffered no damage as a result of interference with contractual relations.

**CURRENT STATUS OF ACTION:**  Plaintiff improperly filed this action in the Central District.[2]  Further, based on the Texas Court of Appeals' reversal of the jury award,  Plaintiff has no damages and voluntarily should dismiss this action.[3]

---

[1]The served Defendants are filing this statement pursuant to Court order and do not intend the filing of this statement, or the appearance at the status conference as a waiver of any affirmative defense.

[2]Defendants approached Plaintiff about transferring this action to a proper venue.  Plaintiff did not respond until May 3, 2000 when counsel for Plaintiff stated Plaintiff would not voluntarily transfer this action.  Accordingly, Defendants intend to file a Rule 12 motion to dismiss for lack of personal jurisdiction and improper venue or, alternatively, for a transfer of venue.

[3]If Plaintiff fails voluntarily to dismiss, Defendants intend to file a motion to dismiss.

Mitchell Silberberg & Knupp LLP

MANDATORY STATUS CONFERENCE STATEMENT

1  Dated: May 4, 2000

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAYWARD J. KAISER
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: _____
KARIN G. PAGNANELLI
Attorneys for Defendants
Martin Marietta Materials, Inc.
and Martin Marietta Aggregates

Mitchell Silberberg &
Knupp LLP

**MANDATORY STATUS CONFERENCE STATEMENT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

     On May 4, 2000, I served the foregoing document(s) described as **MANDATORY STATUS CONFERENCE STATEMENT** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

William H. Collier, Esq.
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, CA  90802

☐    **BY MAIL:**  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

☐    **BY FAX:**  [Instead of placing a copy of the document in a sealed envelope,] I sent a copy of the above-described document(s) via telecopier to each of the individuals set forth above, at the following facsimile telephone numbers:

☒    **BY OVERNIGHT MAIL:**  I deposited the above-described document(s) with *Golden State Overnight* in the ordinary course of business, by depositing the document(s) in a box regularly maintained by *Trident Center* or delivering the document(s) to an authorized driver for the carrier, in an envelope designated by the carrier with delivery fees provided for, addressed as shown above.

☐    **BY PERSONAL DELIVERY:**  I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

☐    **BY PLACING FOR COLLECTION AND MAILING:**  I sealed and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California in the ordinary course of business.

     Executed on May 4, 2000, at Los Angeles, California.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Michele Collins

Mitchell Silberberg &
Knupp LLP

0229789.1

MANDATORY STATUS CONFERENCE STATEMENT

1 | HAYWARD J. KAISER (State Bar No. 066365)
KARIN G. PAGNANELLI (State Bar No. 174763)
2 | MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
3 | Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
4 | Facsimile: (310) 312-3100

5 | Attorneys for Defendants
Martin Marietta Materials, Inc.
6 | and Martin Marietta Aggregates

7

8

FILED
CLERK, U.S. DISTRICT COURT

ENTERED
CLERK, U.S. DISTRICT COURT

JUN 12 2000

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

JUN - 7

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

C.A. RASMUSSEN, INC.,

Plaintiff,

vs.

MARTIN MARIETTA MATERIALS, INC.,
MARTIN MARIETTA AGGREGATES,
MARTIN MARIETTA MATERIALS
CANADA, LTD., and DOES 1 through 100,
inclusive,

Defendants.

CASE NO. CV 00-359-DT(MANx)

**STIPULATION OF THE PARTIES AND
[PROPOSED] ORDER TO TRANSFER
VENUE TO UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS**

Honorable Dickran Tevrizian, United States
District Judge

Pursuant to 28 U.S.C. sections 1404(a) and 1406(a), the parties hereby stipulate to the transfer of this action to the United States District Court for the Southern District of Texas.

Plaintiff, C.A. Rasmussen, Inc., is a California corporation. Defendants are: (1) Martin Marietta Materials Inc., a North Carolina Corporation; (2) Martin Marietta Aggregates, an unincorporated division of Martin Marietta Materials, Inc.; and (3) Martin Marietta Materials, Canada, Inc. (a Canadian corporation) (not yet served). Plaintiff alleges seven causes of actions against Defendant(s), including: breach of contract, negligence, and indemnity. Jurisdiction is based solely on diversity.

Docketed ___
Copies / NTC Sent ___
JS - 5 / JS - 6 ___
JS - 2 / JS - 3 ___
CLSD ___

STIPULATION TO TRANSFER VENUE

Mitchell Silberberg &
Knupp LLP

1    Plaintiff alleges it initially negotiated with Global Stone ("Global") in

2    Brownsville, Texas to purchase granite stone for a railroad project. Plaintiff alleges the

3    negotiations broke down. Plaintiff ultimately purchased the stone from Defendant(s).

4    Defendant(s) delivered the stone to Global's storage facility in Brownsville. Plaintiff alleges

5    Defendant(s) intentionally or negligently failed to inform Plaintiff that Plaintiff would be

6    responsible for storage fees for the stone at Global. Plaintiff alleges Global denied Plaintiff

7    access to the stone. Plaintiff filed an action in a Texas state court seeking access to the stone,

8    which the Texas court granted. In that state court proceeding, Global cross-complained against

9    Plaintiff for interfering with Global's alleged contract with Defendant(s) to act as an exclusive

10   agent for Defendant(s) in selling the stone. The jury found for Global on the cross-complaint,

11   and assessed damages against Plaintiff for $750,000. The Court of Appeals reversed the jury

12   award, finding Global suffered no damage as a result of interference with contractual relations.

13

14       The events giving rise to this action occurred in Brownsville, Texas. No

15   Defendant resides in the Central District of California. Therefore, the parties stipulate that the

16   action should be transferred to the Southern District of Texas, a district in which the action

17   originally could have been brought. See 28 U.S.C. §§ 1391(a); 1406(a). See e.g. Fodor v.

18   Berglas, 1994 WL 822477 (C.D. Cal. 1994)(Baird, J.).[1]

19

20

21

22

23

24

25

26

---

27   [1]    Defendants do not intend the filing of this Stipulation, or any subsequent

28   appearance, as a waiver of any affirmative defense, including, inter alia, lack of personal
     jurisdiction.

Mitchell Silberberg &
Knupp LLP

2

0234898.1                    STIPULATION TO TRANSFER VENUE

1    Moreover, the parties stipulate that this action should be transferred to the United

2    States District Court for the Southern District of Texas for the convenience of the parties and

3    witnesses, and in the interests of justice. <u>See</u> 28 U.S.C. § 1404(a).

4

5

6    Dated: June 1, 2000                    HAYWARD J. KAISER
                                            KARIN G. PAGNANELLI
7                                           MITCHELL SILBERBERG & KNUPP LLP

8                                           By:    _____
9                                                  KARIN G. PAGNANELLI
                                                   Attorneys for Defendants
10                                                 Martin Marietta Materials, Inc.
                                                   and Martin Marietta Aggregates
11
                                            WILLIAM H. COLLIER
12                                          JAMES R. GREENE
                                            KEESAL YOUNG & LOGAN
13

14
                                            By:    _____
15                                                 JAMES R. GREENE
                                                   Attorneys for Plaintiffs
16                                                 C.A. Rasmussen, Inc.

17

18

19                              **O R D E R**

20

21          IT IS SO ORDERED that this action is transferred to the United States District Court for

22    the Southern District of Texas, Brownsville Division, and the clerk is directed to effect such

23    transfer.

24

25    Dated: 6-7-00                         _____
26                                          DICKRAN TEVRIZIAN
                                            UNITED STATES DISTRICT JUDGE
27

28

Mitchell Silberberg &
Knupp LLP

0234898.1              STIPULATION TO TRANSFER VENUE

1        Moreover, the parties stipulate that this action should be transferred to the United

2   States District Court for the Southern District of Texas for the convenience of the parties and

3   witnesses, and in the interests of justice. See 28 U.S.C. § 1404(a).

4

5

6   Dated: June 1, 2000                    HAYWARD J. KAISER
                                           KARIN G. PAGNANELLI
7                                          MITCHELL SILBERBERG & KNUPP LLP

8
                                           By: _____
9                                              KARIN G. PAGNANELLI
                                               Attorneys for Defendants
10                                             Martin Marietta Materials, Inc.
                                               and Martin Marietta Aggregates
11
                                           WILLIAM H. COLLIER
12                                         JAMES R. GREENE
                                           KEESAL YOUNG & LOGAN
13

14

15                                         By: _____
                                               JAMES R. GREENE
16                                             Attorneys for Plaintiffs
                                               C.A. Rasmussen, Inc.
17

18

19                              O R D E R

20

21       IT IS SO ORDERED that this action is transferred to the United States District Court for

22   the Southern District of Texas, Brownsville Division, and the clerk is directed to effect such

23   transfer.

24

25   Dated: _____

26                                         _____
                                           DICKRAN TEVRIZIAN
                                           UNITED STATES DISTRICT JUDGE
27

28

Mitchell Silberberg &
Knupp LLP

3

0234898.1            STIPULATION TO TRANSFER VENUE